687 P.2d 580

The STATE of Idaho, Plaintiff-Respondent,

v.

Ronald J. MAHONEY, Defendant-Appellant.

No. 15121.

Court of Appeals of Idaho.

Aug. 29, 1984.

John Luster, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**PER CURIAM.**

Upon a plea of guilty, Ronald J. Mahoney was convicted of first degree burglary, rape and the infamous crime against nature. The district court imposed indeterminate, concurrent sentences of twenty years for the rape, fifteen years for the burglary and five years for the crime against nature. The sole issue on appeal is whether these sentences were unduly harsh. We hold they were not, and affirm.

Mahoney could have been sentenced to maximum terms of life for the rape and fifteen years for the burglary. *See* I.C. §§ 18–6104, –1403. Therefore, the sentences imposed for these crimes clearly were within the statutory limits. The maximum possible punishment for the infamous crime is not defined by I.C. § 18–6605, which purports only to impose a five-year minimum. *See generally State v. Carringer,* 95 Idaho 929, 523 P.2d 532 (1974). However, it is clear that the statute authorizes a five-year sentence, as imposed in this case.

A sentence within statutory limits will not be disturbed unless a clear abuse of discretion is shown. *State v. Bartholomew,* 102 Idaho 106, 625 P.2d 1109 (1981). Such an abuse of discretion may be found if the sentence imposed is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

Sentencing determinations cannot be made with precision. In deference to the discretionary authority vested in Ida-

ho's trial courts, an appellate court will not substitute its view for that of a sentencing judge where reasonable minds might differ. The appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the criteria of protection of society, retribution, deterrence and rehabilitation. *State v. Toohill, supra.*

Where several concurrent sentences have been imposed, we believe the sentences should be evaluated as a whole. In this case, the sentences collectively comprise a term of twenty years. For the purpose of appellate review—but not as a prediction of parole—we presume, absent a contrary statute or indication in the record, that the actual duration of confinement under an indeterminate sentence will be one-third of the sentence length. *State v. Toohill, supra.* Idaho Code § 20–223, which governs parole consideration in serious cases, including rape, is not deemed to be a "contrary" statute for this purpose. The one-third measure will be applied even if a prisoner might be eligible for parole consideration earlier under the statute. *State v. Jenkins,* 105 Idaho 166, 667 P.2d 269 (Ct. App.1983). Consequently, we will treat one-third of twenty years, or six and two-thirds years, as the measure of confinement imposed for the crimes committed in this case.

When weighing the reasonableness of a sentence, or of a concurrent series of sentences, our examination of the record focuses upon the nature of the offense(s) and upon the character of the offender. The offenses in this case were committed when Mahoney, who had consumed alcoholic beverages, entered a single woman's apartment after midnight by cutting his way through window screens. While wearing a mask, he assaulted the woman, striking her numerous times, forcibly having intercourse and committing an act of rectal penetration. The victim cried out for help *and neighbors* apprehended Mahoney as he attempted to flee from the apartment.

Concerning Mahoney's character, the record discloses that these crimes were his first felony offenses. The district court received numerous letters from friends and family in support of Mahoney. An examining psychiatrist testified at the sentencing hearing that Mahoney had a sexual disorder of voyeurism, suffered from depression, and exhibited a borderline personality disorder characterized by immaturity. The psychiatrist expressed the view that Mahoney's disorders were treatable. However, a presentence investigator stated that Mahoney appeared to lack a complete understanding of his own potential for violence.

The district judge noted the possibility, acknowledged by the testifying psychiatrist, that Mahoney's assaultive conduct could recur. The judge also adverted to a likelihood that the crimes had been planned in some degree rather than being purely impulsive. Finally, the judge explicitly stated his concerns for the impact of the crimes upon the victim and for the future protection of society from such sexual assaults.

In our view the district judge gave sound reasons for his sentencing decision. As a matter of policy in Idaho, the primary criterion in sentencing is the good order and protection of society. *State v. Toohill, supra.* Thus, a sentence of incarceration may be utilized to minimize the risk of recurrence of a defendant's criminal conduct. *E.g., State v. Jenkins, supra.* Deterrence of others is also a sufficient ground for imposing a substantial prison sentence. *E.g., State v. Adams,* 99 Idaho 75, 577 P.2d 1123 (1978). The selection of indeterminate, rather than fixed, sentences indicates that the judge also took into consideration the defendant's rehabilitative potential. *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct.App.1984).

The facts of this case reasonably can be viewed to indicate that the length of Mahoney's confinement will not exceed the period necessary to achieve the goals of protecting society and deterring others, while taking rehabilitation into account. Therefore, we conclude that the district court did

not abuse its discretion. The sentence is affirmed.