762 P.2d 836

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Patrick KNIGHT, Defendant–Appellant.**

No. 17298.

Court of Appeals of Idaho.

Oct. 4, 1988.

Charles B. Lempesis, Post Falls, and William V. Brown, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Patrick Knight was sentenced to eighteen years, indeterminate, upon his plea of guilty to robbery. On appeal, he contends the sentence was unduly harsh and constituted an abuse of the district court's discretion. However, we do not reach the merits of this contention. Instead, we hold that the district court did not properly exercise its sentencing discretion when it failed to specify what portion of the eighteen years would constitute a minimum period of confinement, as required by the Unified Sentencing Act, I.C. § 19–2513. We vacate the sentence and remand this case for further proceedings.

Knight pled guilty to the robbery in August, 1987, of a tavern in Coeur d'Alene. He had used, and fired, a sawed-off shotgun during the crime. Knight had an extensive criminal record, including incarceration in a federal institution for bank robbery. In exchange for Knight's plea of guilty, the state agreed to abandon a charge of using a firearm in the commission of the tavern robbery and not to request a fixed-term sentence.

After considering the nature of the offense and Knight's background and character, as disclosed by a presentence investigation report and information presented to the court during the sentencing hearing, the court imposed an eighteen-year, indeterminate sentence. In pronouncing this sentence, the court expressed the following rationale:

> Now in Idaho when we sentence on an indeterminate term, a person has to serve one-third of that term before they are [sic] eligible for parole. There is no good time knocked off of it. You serve the one-third term. Parole is not guaranteed at the end of that time. That's dependent upon the Parole Board and based on the individual's performance within the institution.
>
> I am not going to enter a fixed sentence in this matter, it will be an indeterminate sentence for that very reason. If you are sincere in your statements, [regarding rehabilitation], then there is going to be an opportunity for you to be released earlier from the penitentiary than having to serve the full term.
>
> Considering all of these factors and with particular concern for the matter of protection of society, it is the judgment and sentence of this court that you be sentenced to serve a term of 18 years in the Idaho State Penitentiary under the supervision and custody of the Idaho State Board of Corrections.

An ensuing colloquy between court and counsel dealt with a concern over whether the sentence complied with the Unified Sentencing Act, codified as I.C. § 19–2513. This statute was adopted in 1986 and was made applicable to crimes occurring on or after February 1, 1987. *See* 1986 Idaho Sess.Laws, ch. 232, p. 50, § 6. Because the robbery to which Knight pled guilty occurred in August, 1987, the Unified Sentencing Act applied to this case. I.C. § 19–2513 provides, in pertinent part, that when an individual is sentenced to the custody of the board of correction, "[t]he court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody." The statute also requires the court to set forth in its judgment and sentence "the minimum period of confinement and the subsequent indeterminate period, if any...." The statute further provides that the sentenced individual shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct, except for meritorious service, during the minimum term of confinement ordered by the court; however, the offender may be considered for parole or discharge at any time during the indeterminate period of his sentence.

■ Here, the court assumed that no minimum period of confinement need be expressed in the judgment because Knight could be expected to serve at least one-third of eighteen years before becoming parole-eligible. However, we believe that assumption was erroneous for two reasons. First, the new Act requires the court to make an explicit statement in the judgment itself about the minimum period of confinement. Second, the Act has rendered the one-third "rule of thumb" obsolete. Prior to the enactment of the Unified Sentencing Act, the policy of the Commission of Pardons and Parole did indeed allow for consideration for parole of certain, qualifying individuals who had served one-third of their indeterminate sentences. *See State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). However, the Unified Sentencing Act has displaced that policy because it gives the sentencing judge the power to determine the length of time to be served in confinement before parole eligibility. Consequently, when the minimum period specified by the judge has been served, the individual becomes parole-eligible. He may be released on parole at any time thereafter, during the indeterminate portion of

the sentence, when the Commission of Pardons and Parole determines that he "no longer poses a threat to the safety of society" and such action would be in "the best interests of society," I.C. § 20–223 (as amended concurrently with the Unified Sentencing Act).

 Because the district court below simply assumed that Knight would serve at least six years before becoming eligible for parole, but did not, in the judgment and sentencing order, address a minimum period of incarceration without parole eligibility, we are unable to determine whether the maximum term of eighteen years ordered by the court was an abuse of the court's discretion. Rather, we can only conclude that the court's discretion was improperly exercised. Where a discretionary function—such as sentencing in a criminal prosecution—is tainted by legal or factual error, the appropriate appellate response is to remand the case for a proper exercise of discretion. *State v. Morgan,* 109 Idaho 1040, 712 P.2d 741 (Ct.App.1985). On remand, the district court should specify in its judgment whatever minimum period must be served in confinement and further specify the length of time, if any, for the indeterminate portion of Knight's sentence under I.C. § 19–2513. Of course, the defendant must be present at the resentencing proceeding. I.C.R. 43(a); *State v. Hoffman,* 108 Idaho 720, 701 P.2d 668 (Ct.App. 1985).

The eighteen-year, indeterminate sentence is vacated and this case is remanded for resentencing consistent with this opinion.

BURNETT and SWANSTROM, JJ., concur.