800 P.2d 118

STATE of Idaho, Plaintiff–Respondent,

v.

Mark BARTLETT, Defendant–Appellant.

Nos. 18106, 18107.

Court of Appeals of Idaho.

Oct. 11, 1990.

Gregory A. Jones, Kootenai County Public Defender, Thomas M. Vasseur, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

In separately charged felony cases, Mark Bartlett entered pleas of guilty to charges of sexual abuse of a child under the age of sixteen, and to lewd conduct with a minor. He received a fixed, five-year sentence on the sexual abuse charge and an indeterminate life sentence with a five-year minimum period of incarceration on the lewd conduct charge. The court ordered that the sentences be served concurrently. Bartlett's appeals in both proceedings were consolidated for review pursuant to stipulation. The sole issue is whether Bartlett's sentences are excessive. For the reasons explained below, we affirm.

The relevant facts are as follows. In February, 1988, Bartlett molested a fourteen-year old girl. The victim, a neighbor, had come to the Bartlett home to visit Bartlett's stepdaughter. Bartlett lured the girl into a bedroom and shut the door. He then shoved the girl against the closet, forced her shirt and bra up and began fondling her exposed breasts. The girl struggled and cried and Bartlett allowed her to leave. Bartlett was charged with lewd conduct with a minor, and he later pled guilty to a reduced charge of sexual abuse of a child. Bartlett was released on bail pending sentencing.

In November, 1988, one month after his release, Bartlett molested another young girl. The events underlying the second offense were similar to those of the first. A neighbor girl was staying the night with Bartlett's stepdaughter. Bartlett entered the girls' bedroom during the night, layed down beside the twelve-year old victim and then fondled her breasts and vaginal area for approximately fifteen minutes. Bartlett was arrested and, on a plea of guilty, convicted of the crime of lewd conduct with a minor.[1]

At a proceeding consolidating the sentencing hearings on the two matters, the district court imposed unified sentences for each conviction: a determinate sentence of five years' incarceration—the statutory maximum[2]—on the sexual abuse conviction, I.C. § 18–112; I.C. § 18–1506; and an indeterminate life sentence, with five-years determinate, on the lewd conduct conviction. I.C. § 18–1508; I.C. § 19–2513. The court ordered that the sentences run concurrently. Bartlett contends that the court's imposition of an indeterminate life sentence, absent any provision for rehabilitative treatment, was excessive and an abuse of discretion.

We initially note that Bartlett's sentences are within the statutory limits. Accordingly, we will not disturb them on appeal absent a showing of abuse of discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). A sentence may represent an abuse of discretion if it is demonstrated to be unreasonable under the facts of the case. In reviewing a sentence imposed under the Unified Sentencing Act,

---

1. Ironically, this second young victim and her mother both had previously sent letters of character reference to the sentencing court on Bartlett's earlier charge. The young girl wrote "I have no reason to be afraid of him because he's always been a friend."

2. Subsequent to the commission of the crime by Bartlett in this case, the maximum penalty for sexual abuse of a child was increased by the legislature to fifteen years. *See* 1988 Idaho Sess. Laws, ch. 329, § 1, p. 991.

we treat the minimum period of incarceration specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In focusing on this period, we recognize that Bartlett will be eligible for parole consideration when the minimum period has elapsed; the parole commission may release him any time thereafter, during the indeterminate portion of the sentence. *Sanchez, supra; State v. Knight*, 114 Idaho 923, 762 P.2d 836 (Ct.App.1988).

■ Bartlett attacks primarily the indeterminate portion of his sentence. We are mindful that Bartlett will be required to undergo a psychiatric evaluation prior to the parole commission's decision on parole. I.C. § 20–223(b), (c); *Gee v. State*, 117 Idaho 107, 785 P.2d 671 (Ct.App.1990). However, this precondition of parole does not influence our review. *State v. Mahoney*, 107 Idaho 190, 687 P.2d 580 (Ct.App.1984). Any inquiry into possible future parole determinations by the commission is premature and beyond the scope of our concern. *King v. State*, 91 Idaho 97, 416 P.2d 44 (1966). Consequently, we will not here assess the reasonableness of the indeterminate sentence. Bartlett's course of redress for unreasonable confinement beyond the fixed term exists in filing a petition for writ of habeas corpus after he becomes eligible for parole. *See, e.g., Vittone v. State*, 114 Idaho 618, 759 P.2d 909 (Ct.App. 1988).

■ We next apply our substantive sentencing criteria to determine if the sentences were reasonable. Under the standards set forth in *State v. Toohill*, a sentence is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence of confinement longer than necessary for these purposes is unreasonable. *Toohill, supra; Sanchez, supra.* We examine a sentence in a given case, having regard for the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

■ Bartlett maintains that, in imposing his sentences, the court overemphasized the protection of society, excluding the other sentencing considerations. Bartlett submits that his sentences reflect the court's inadequate consideration of his potential for rehabilitation, particularly in its failure to follow the treatment recommendations of the evaluating psychologists. We disagree.

In articulating its basis for Bartlett's sentences, the district court indicated that its primary concern was in protecting society from Bartlett's dangerous conduct. The court noted the predatory nature of the two crimes, giving particular emphasis to the fact that, pending sentencing on the first molestation conviction, Bartlett engaged in similar criminal conduct with a second child-victim. The district court further stated its concern about exacting a penalty which society would deem appropriate for the wrongs committed. Expressing little confidence that confinement would effectively deter Bartlett, the court nevertheless recognized the value of imposing a term of incarceration, in deterring others. The court concluded that five years' incarceration was the minimum period necessary to protect society.

In evaluating Bartlett's rehabilitation potential, the court focused on Bartlett's extensive criminal history. His prior record, beginning in 1979, contains charges for numerous drug offenses, dangerous weapons possession, theft, battery, and three sexual assault charges: rape, forcible sex abuse, and aggravated assault with attempt to commit rape. Although the dispositions of most of these charges are unknown, it is clear that Bartlett was convicted on the aggravated assault charge, committed in California in 1981, and that he served four years of an eight-year sentence in the California State Correctional Institution, where he received intermittent counseling. In 1985, he was paroled and moved to Idaho, where his parents reside. Three years later, Bartlett committed the first of the in-

stant offenses against children. The court concluded that Bartlett's history did not "bode well for rehabilitation."

The record further indicates that the court considered the concurrent prognoses of the two examining psychologists who concluded that Bartlett was in need of intensive treatment and that he should be incarcerated in a facility which could evaluate *and treat* his problem. The psychologists recommended that Bartlett be sent to the North Idaho Correctional Institution at Cottonwood (NICI). However, as the district court noted, the NICI facility offers a 180–day program designed primarily for *evaluating* a defendant's rehabilitation potential and suitability for probation. *See* I.C. § 19–2601(4); *Toohill,* at 567, 650 P.2d at 710. In declining to follow the recommendation, the court concluded that the NICI facility could not provide Bartlett the intensive treatment described by the psychologists. However, the court's concern for the danger Bartlett posed to society without treatment is clear from its statements at the sentence proceeding:

> My sentence is predicated on this. I believe that a minimum of five years in custody is going to be necessary at the very minimum, again I'll say, to protect society.
>
> From there my only hope, and your only hope, is that the state will be able to offer something somewhere along the line to afford the treatment you obviously need. If it cannot, and if you could not respond even if it did, then I'm going to allow the state to keep you in jail for the rest of your life, because I think that's necessary for the protection of society.

We conclude that the district judge duly considered the objective of rehabilitation. The court simply cannot avail a defendant of an institutional treatment program that may not exist.[3] Nor is this Court aware of any such program within the Department of Corrections. Accordingly, we conclude that the district court did not abuse its discretion in declining to follow the psychologists' recommendations.

We hold that under the circumstances presented to the district court, the sentences imposed were reasonable. Accordingly, the judgments of conviction, including the fixed and indeterminate sentences, are affirmed.

SWANSTROM and SILAK, JJ., concur.

---

**3.** We note that, contrary to Bartlett's assertion in his brief, Idaho Code § 20–223 does not constitutionally require the Board of Correction to provide adequate rehabilitation treatment to sex offenders. *Balla v. Idaho State Board of Corrections,* 869 F.2d 461, 468–69 (9th Cir.1989), *reversing* 595 F.Supp. 1558 (D. Idaho 1984). We note additionally that failure of the Board to provide rehabilitative treatment, if required, will not affect the validity of the sentence imposed. *Hays v. State,* 113 Idaho 736, 747 P.2d 758 (Ct.App.1987), *affirmed on review,* 115 Idaho 315, 766 P.2d 785 (1988).