803 P.2d 202

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roger Lee PELTIER,
Defendant–Appellant.**

**No. 18376.**

Court of Appeals of Idaho.

Dec. 20, 1990.

Gregory A. Jones, Kootenai County Public Defender, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., James Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Roger Lee Peltier entered pleas of guilty to charges of lewd conduct with a minor under sixteen, and to battery with intent to commit a serious felony. He received concurrent sentences of twenty years with five years' mandatory confinement on the lewd conduct charge, and fifteen years with a fixed term of five years on the battery charge. Appealing from the judgments of conviction, Peltier contends that the sentences are excessive. For the reasons explained below, we affirm.

The relevant facts are as follows. On September 3, 1988, Peltier placed his hand under the bathing suit of a fourteen-year old girl and inserted his finger into the girl's anus. He also touched the buttocks of a fifteen-year old girl, on the outside of her swimsuit. These incidents occurred while the victims were swimming at a public swimming pool in Coeur d'Alene, Idaho.

For the first above-mentioned incident, Peltier was charged with lewd conduct with a minor under sixteen, I.C. § 18–1508, and he was charged with battery with intent to commit a serious felony, I.C. § 18–911, for the second incident. Peltier entered pleas of guilty to both charges. The district court imposed unified sentences for each conviction: twenty years with a minimum period of five years' confinement on the lewd conduct charge; and fifteen years

with a fixed term of five years on the battery charge. I.C. § 19–2513. The court ordered that the sentences run concurrently. Pursuant to the recommendations of both parties, the court retained jurisdiction so that Peltier could be evaluated further by the staff at North Idaho Correctional Institute at Cottonwood (NICI). I.C. § 19–2601. Following that evaluation, the court relinquished jurisdiction and Peltier appealed.

█ Peltier's sentences are within the statutory limits. Accordingly, we will not disturb them on appeal absent a showing of abuse of discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). A sentence may represent such an abuse if it is demonstrated to be unreasonable under the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982); *State v. Koch*, 116 Idaho 571, 777 P.2d 1244 (Ct.App.1989). In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

█ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period of incarceration specified by the sentencing judge as the probable duration of confinement. In Peltier's case, this period is five years. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In focusing on this period, we recognize that Peltier will be eligible for parole consideration when the minimum period has elapsed; the parole commission may release him any time thereafter, during the indeterminate portion of the sentences. *Sanchez, supra; State v. Knight*, 114 Idaho 923, 762 P.2d 836 (Ct.App.1988).

█ We next apply our substantive sentencing criteria to determine if the sentences were reasonable. Under the standards set forth in *State v. Toohill, supra*, a sentence is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. *Toohill, supra; Sanchez, supra.* We examine a sentence in a given case with regard to the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

█ Peltier contends that, in imposing the sentences, the court overemphasized the protection of society, excluding other sentencing considerations. He submits that his sentences reflect the court's inadequate consideration of the treatment and rehabilitation alternatives. We disagree.

The record reveals that Peltier committed the instant offenses while undergoing therapy ordered by a Washington court as a condition of probation for a crime committed in that state. The presentence investigation reports further describe a history of sexually deviant behavior dating back to 1971, which includes Peltier's admissions to having attempted rape twice, and to a repetitious history of active voyeurism. In 1982, in Lewiston, Idaho, he was convicted of exposing himself in public. In 1987, he was convicted of first degree criminal trespass after attempting to open the window of a woman living in an apartment complex in Spokane, Washington, where he had been spying on various women. The presentence investigator concluded that Peltier posed "an extreme danger to the community," and recommended Peltier be incarcerated in the state correctional institution.

While at NICI, Peltier participated in the sexual offenders' evaluation program. The NICI committee report was generally favorable to him, remarking that he was sufficiently compliant to authority and had developed some insight into deviant behavior. However, the committee also noted that there existed a serious risk of a re-offense, such as rape. The committee further observed that because Peltier resided in Washington state, parole could not be adequately supervised. Without the option of a more restrictive probation plan, the

committee's recommendation was that Peltier be incarcerated.

In articulating its basis for Peltier's sentence, the district court indicated that its primary concern was in protecting society from Peltier's dangerous conduct. The court commented on Peltier's persistent pattern of sexually deviant behavior, giving particular emphasis to the fact that the instant offenses occurred while Peltier was on probation and undergoing court-ordered therapy. The court stated that Peltier's sentences had taken into account the sentencing objectives of deterrence, retribution and rehabilitation, noting specifically that Peltier had not been amenable to the treatment he had received in that he had re-offended.

Peltier cites *Balla v. Idaho State Board of Corrections*, 595 F.Supp. 1558 (D.Idaho 1984), as requiring rehabilitative treatment under the Constitution. That case, to the extent relied upon by Peltier, has since been reversed by the Ninth Circuit Court of Appeals. 869 F.2d 461, 468–69 (9th Cir. 1989). We observe additionally that failure of the Board to provide rehabilitative treatment, if required, does not affect the validity of the sentence imposed. *Hays v. State*, 113 Idaho 736, 747 P.2d 758 (Ct.App.1987), *affirmed on review*, 115 Idaho 315, 766 P.2d 785 (1988).

We hold that under the circumstances presented to the district court, the sentences imposed were reasonable. Accordingly, the judgments of conviction, including the sentences, are affirmed.

SWANSTROM and SILAK, JJ., concur.