807 P.2d 648

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Thurman Lee YOUNG,
Defendant–Appellant.**

**No. 18751.**

Court of Appeals of Idaho.

March 19, 1991.

G. LaMarr Kofoed, Fruitland, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Thurman Young pled guilty to the crime of lewd and lascivious conduct with a minor. I.C. § 18–1508. He appeals from the judgment of the district court imposing a unified sentence of twelve years in the custody of the Board of Correction with a minimum period of confinement of thirty months. He argues that his sentence is unreasonable and that the district court erred by denying his motion under I.C.R. 35 for reduction of his sentence. We affirm.

On four separate occasions over a six-week time period, Young fondled his ten-year-old stepdaughter and directed her to fondle his penis. After the stepdaughter reported Young's behavior toward her, Young was arrested and charged. He pled guilty and was sentenced to the custody of the Board of Correction.

Young does not claim that his sentence exceeds the statutory maximum for lewd and lascivious conduct which is life imprisonment. I.C. § 18–1508. Young claims that the court abused its discretion by not placing him on probation and not adequately considering his need for rehabilitation. He also asserts the court abused its discretion by refusing to grant his I.C.R. 35 motion for reduction of sentence.

■ The primary responsibility for sentencing rests within the discretion of the trial judge. *State v. Delin,* 102 Idaho 151, 152, 627 P.2d 330, 331 (1981). In evaluating a sentence imposed under the Unified Sentencing Act, I.C. § 19–2513, the minimum fixed period generally will be treated as the probable measure of confinement for the purpose of sentence review. *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989); *see also State v. Kysar,* 116 Idaho 992, 783 P.2d 859 (1989). We are unable to speculate as to a possible period of confinement beyond the minimum term because the Commission of Pardons and Parole is vested with the discretion to grant or deny parole at any time after the completion of the fixed term until the expiration of the maximum term. I.C. § 19–2513; *see State v. Bartlett,* 118 Idaho 722, 800 P.2d 118 (Ct.App.1990). Because Young's sentence is within the statutory maximum, we will uphold it on appeal unless our review of the record indicates the sentencing court abused its discretion. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).

■ Young asserts an abuse of discretion in the decision of the district court not to place him on probation. In *State v. Chapel,* 107 Idaho 193, 194, 687 P.2d 583, 584 (Ct.App.1984), we addressed this issue as follows:

The purpose of the retained jurisdiction statute, I.C. § 19–2601(4), is to allow the trial court additional time to evaluate the defendant's rehabilitation potential and suitability for probation. Probation is the ultimate objective sought by a defendant who asks a court to retain jurisdiction. *State v. Toohill,* 103 Idaho 565, 567, 650 P.2d 707 (Ct.App.1982). The choice of probation is committed to the sound discretion of the trial court. *Id.* The standard of review of sentencing decisions, including those where probation is an issue, is the "clear abuse of discretion" standard. The "clear abuse" standard should focus on the criteria set forth in I.C. § 19–2521. Refusing to retain jurisdiction will not be deemed a "clear abuse of discretion" if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under I.C. § 19–2521.

The transcript of the sentencing hearing reflects the court's proper consideration of sentencing factors, including those related to probation under I.C. § 19–2521.

Young argues that the imposition of a prison sentence is attributable to public hysteria over the crime of child molestation. He argues that the district court abused its discretion because it did not adequately consider that this was his first offense, that he is a productive worker, that there were suggested alternatives for treating the problem, and that he was seeking help and treatment for his problem.

Young has the burden of demonstrating that the trial court abused its discretion in a sentencing matter. *State v. McPhie*, 104 Idaho 652, 656, 662 P.2d 233, 237 (1983). Reasonableness is a fundamental requirement in the exercise of discretion at sentencing. *State v. Nice*, 103 Idaho at 90, 645 P.2d at 324. Several factors are relevant in deciding whether a particular sentence is reasonable. The primary consideration in sentencing is the good order and protection of society; though humanitarian considerations and rehabilitation are important to our society, they cannot be allowed to control or defeat punishment, or to force our courts to ignore or subordinate other factors to the detriment of society. *See State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

■ A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The reasonableness of the sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The transcript of the sentencing hearing reflects the district court's proper consideration of these factors.

■ The district court had before it the pre-sentence investigation report which indicated that Young admitted that he abused the child and that he did not know why he crossed "that fine line of right and wrong." He also stated in a letter to the court that he had sought to "fulfill his pleasure selfishly" and that he had "hardened [his] heart and mind and dropped [his] moral standards too." The district court concluded that a lesser sentence than the one imposed would depreciate the gravity of the crime. The court also decided that a prison term would provide appropriate punishment and deterrence to Young. The court also noted that during a suspended sentence or probation there was a risk that Young would commit another crime against a child; however, the court also noted that Young was not a predator and for that reason declined to impose a ten-year fixed sentence as the counsel for the prosecution had urged. We conclude that the court properly considered the factors set forth in *Toohill*. The defendant has failed to come forward with any convincing proof that his sentence is unreasonable. We are unable to discern any abuse of discretion by the trial court.

■ We have also reviewed Young's motion for reduction of his sentence. Young moved, pursuant to I.C.R. 35, for a reduction of his sentence based on the fact that he confessed to his crime, his remorse for his actions, his need for treatment, and his suitability for rehabilitation and treatment. I.C.R. 35 allows for the correction of an illegal sentence at any time and for the reduction of a sentence within 120 days of its imposition. Young does not contend that his sentence was illegally imposed.

The decision whether to reduce a sentence rests within the sound discretion of the trial court. *State v. Swan*, 113 Idaho 859, 861, 748 P.2d 1389, 1391 (Ct.App.1988). A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the court; such a motion is essentially a plea for leniency, which may be granted if the sentence imposed was unduly severe. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). The burden of showing that the original sentence was unduly severe is upon the moving party. *State v. Wright*, 114 Idaho 451, 453, 757 P.2d 714, 716 (Ct.App.1988). Young has presented us with no convincing evidence that his sentence is unduly severe.

Having reviewed the record, we see no abuse of discretion in the district court's denial of Young's motion.

For the reasons stated above, we affirm both the judgment of the district court imposing a sentence of twelve years, with a minimum period of confinement of thirty months, for lewd and lascivious conduct, and the order denying Young's motion for reduction of sentence.