815 P.2d 1090

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Randy ADAMS, Defendant–Appellant.**

**Nos. 18897, 18898.**

Court of Appeals of Idaho.

Aug. 13, 1991.

Gregory A. Jones, Kootenai County Public Defender, Timothy H. Gresback, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In these consolidated appeals, Randy Adams seeks review of two sentences he received in the district court. First, he appeals from an order—on revocation of his probation—requiring execution of a previously suspended five-year fixed period of confinement on a charge of aggravated assault. Second, he appeals from another sentence of twelve years, with a minimum period of confinement of four years, imposed for statutory rape. Adams argues that his sentences are excessive and that mitigating circumstances were not considered. We affirm the sentences in both cases.

### Background

We summarize the pertinent facts and procedure as follows. On September 22, 1988, Adams pled guilty to a charge of aggravated assault. See I.C. §§ 18–901, –905. The assault, which occurred in March, 1988, involved hitting his female housemate and holding a knife to her throat, during a fight about having her thirteen-year-old son move home. The in-

formation charged that the act was accomplished without intent to kill although Adams did threaten to kill the victim and created in her a well-founded fear of imminent harm. On December 21, 1988, District Judge James Judd imposed a fixed term of confinement of five years, which then was suspended, and Adams was placed on supervised probation for that period.

On October 12, 1989, Adams' probation officer filed a report with Judge Judd describing Adams' suspected breach of several conditions of probation. One of those conditions was that Adams would obey all laws and comply with any lawful request of his probation officer. Specifically, the probation officer had instructed Adams not to continue to see his fifteen-year old girlfriend, B.M., whom he had met in September, 1989, because she was underage and her parents were concerned about the increasingly sexual nature of the relationship. However, Adams continued to see the girl. Other conditions the probation officer alleged were violated were that Adams would pay the costs incurred in his prosecution, the costs of his supervision, and would obtain and maintain full-time employment. Adams admitted the violations. After a hearing on August 30, 1990, the court revoked probation and ordered execution of the five-year fixed sentence.

Meanwhile, on December 27, 1989, an information was filed charging Adams with the statutory rape of his minor girlfriend, B.M. I.C. § 18–6101. On June 19, 1990, a jury found Adams guilty. On August 29, 1990, District Judge Gary Haman sentenced Adams to twelve years in the custody of the Board of Correction, with a fixed period of confinement of four years and the remaining eight years indeterminate. The probation revocation proceeding in the assault case was completed the next day. On appeal, Adams claims that when the district court imposed the sentences in both cases, the courts focused too heavily on the objective of protecting society, thereby excluding the other sentencing goals.

## Standard of Review

It is well established that sentencing is a matter left to the discretion of the trial court, and a sentence imposed within the limits prescribed by statute ordinarily will not be considered an abuse of discretion. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989); *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). Neither of Adams' sentences exceed the statutory maximums. The maximum sentence for aggravated assault is five years. I.C. § 18–906. The maximum sentence allowed for statutory rape is life. I.C. § 18–6104. However, a sentence may reveal an abuse of discretion if it is shown to be unreasonable on the facts of the case. *Id.* A sentence is reasonable if it appears to accomplish the objective of preserving good order and protecting society and is imposed to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence of confinement that is longer than necessary to serve these goals is unreasonable. *Id.* When reviewing a sentence, we examine the facts in the record independently and focus on the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

We note that the *primary* objective in sentencing is the good order and protection of society. *Toohill, supra. See State v. Mahoney,* 107 Idaho 190, 687 P.2d 580 (Ct.App.1984). "All factors must be subservient to that end." *Toohill,* 103 Idaho at 568, 650 P.2d at 710. A sentence is reasonable if it appears to accomplish this objective and is imposed to achieve *any* of the related goals of deterrence, rehabilitation or retribution. *Toohill, supra.* On review, we treat Adams' minimum fixed period as his probable measure of confinement for the purpose of sentence review. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

## Case No. 18898

Adams first asserts that when Judge Haman imposed the sentence for statutory rape, he failed to consider the mitigating factors and circumstances surrounding the charge. The factors Adams

describes are that his relationship with B.M. was consensual, she was a very willing participant in the sexual relationship, her parents knew of the friendship, and she had turned sixteen-years old by the time Adams' probation was revoked and the sentences for assault and statutory rape were ordered into effect.

We disagree with Adams' contentions. The record clearly indicates that the court considered the mitigating factors Adams asserts on appeal. At sentencing on the rape charge, the judge noted that Adams loved B.M. when the two were having intercourse, that B.M. "instigated a good share of what happened," and that Adams was less mature than an average man his age. He stated that "although I take into consideration the mitigating factors, I can't think of a situation where a statutory rape could be committed that would be perhaps more deserving of the maximum penalty." In this regard, the judge made note of the age difference between the two parties. Adams was thirty-seven at the time of the incident, B.M. was fifteen. He also stated that "I don't say that [B.M.] or her family are totally blameless in what happened ... [But] you are the one that's sitting here. . . . The crime was committed by you." The judge commented that he had read all of Adams' psychological reports and about Adams' background, finding both good and bad information in them.

From our review of the transcript of the sentencing proceeding, we do not find that the court failed to consider Adams' assertion of mitigating circumstances. Instead, the court thoroughly weighed all information presented on Adams' behalf. The court's comments demonstrate appropriate consideration of the factors of protection of society, retribution, rehabilitation and deterrence of Adams and others from engaging in similar crimes. We conclude that Adams' four-year fixed sentence for rape is not unreasonable and that the sentencing judge properly exercised his discretion when evaluating the crime and the mitigating factors.

**Case No. 18897**

As noted, Judge Judd revoked probation on the assault charge the day after Judge Haman had entered the judgment of conviction and imposed the sentence for statutory rape. At the probation revocation proceeding, Judge Judd stated that while he was aware of Adams' sentence for rape, he was not bound by that sentence. The judge stated that his concern was not with the rape conviction itself but with what happened surrounding the assault and the probation violation. The record shows that the judge had read Adams' presentence report for this case and the addendum that was filed for the rape charge. At sentencing, the court noted that Adams had a criminal history and remarked that he was

> concerned that the terms and conditions of your probation which we gave to you and which you indicated you were going to get your life straightened out on, were not complied with.

Specifically, the judge noted Adams' continued relationship with B.M., with whom he had been instructed not to have any contact. The court was also aware of Adams' intention to continue seeing B.M., regardless of the court's prohibition. Further, Adams had not tried to obtain full-time employment as required by his probation. Because of his lack of employment, he had no money with which to pay his court costs or the costs of his supervision, a third violation. Also, Adams had left the state for a few days without his probation officer's permission.

Judge Judd acted within his discretion in ordering execution of the previously suspended sentence. The order suspending the sentence stated that if its terms were not complied with, the judgment and sentence would be ordered into execution. As for the length of the sentence, we find that the fixed term of five years' incarceration was reasonable. The record indicates that, when the sentence initially was imposed and suspended, the court had before it Adams' presentence report describing his criminal history and his drug use. The investigator apparently had determined

that Adams was a threat to society and needed external restraints so that the community would be protected. However, the court was persuaded by the defense to give Adams a chance to get his life in order by putting him on probation and allowing him to work, seek counselling, and earn his way back into society. Adams subsequently failed in that attempt. The record reveals that the court properly considered the appropriate goals of sentencing when it imposed the five-year term, noted the violence inherent in Adams' act, and ordered a sentence within the statutory maximum. The sentence was reasonable given the facts of the case.

In conclusion, we hold that both of Adams' sentences are reasonable and constituted proper exercises of discretion. The judgments and sentences are affirmed.