843 P.2d 172

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Peter Cyril TOUSIGNANT,
Defendant–Appellant.**

**Nos. 18913 and 19423.**

Court of Appeals of Idaho.

Dec. 7, 1992.

Van G. Bishop of Nampa, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

This is a consolidated appeal. Peter Tousignant requests that we review the district court's sentencing discretion as well as the district court's refusal to reduce the sentence under defendant's I.C.R. 35 motion. We affirm the district court in both respects.

In a plea arrangement with the state, Peter Tousignant pled guilty to two counts of vehicular manslaughter and three counts of aggravated driving while under the influence of alcohol. I.C. §§ 18–4006(3), – 8006. Under the terms of the plea arrangement, the state stipulated that it would submit the matter to the court for sentencing without comment or argument, except to recommend that the sentences should be concurrent. Recognizing, however, that the court was not bound by the arrangement, the parties stipulated that, if the court imposed consecutive sentences, the defendant could withdraw his guilty pleas and proceed to trial.

The district judge accepted the plea agreement, including the provision that the sentences be concurrent. He expressed a desire to impose a lengthy fixed sentence, followed by an indeterminate one, but he explained that the plea agreement would best protect the families of the victims from the pain and anguish that a trial would only prolong. The district court sentenced Tousignant to a fixed seven years' incarceration on each of the vehicular manslaughter charges and to a fixed five years' on each of the aggravated driving while under the influence charges, and a fine of $7,000. The court ordered that the sentences be served concurrently.

On appeal, Tousignant contends that his sentences were an abuse of discretion. Specifically, he contends that the district judge did not give proper consideration to the absence of any prior felony record, to his alcohol abuse problem, and to the fact that the prison has no rehabilitation programs available to address the alcoholism that underlies the charges against him. He also asserts that the court took note only of the nature of the offenses by focusing on retribution and ignored the character of the defendant and his potential to regain status as a productive member of society.

When a sentence is within legal limits—as are Tousignant's sentences—we will only review it to determine whether the sentence is an abuse of discretion. *State v. Gauna*, 117 Idaho 83, 785 P.2d 647 (Ct.App.1989). Unless it appears that the sentence is an abuse of discretion, we will not disturb it. *State v. Hooper*, 119 Idaho 606, 809 P.2d 467 (1991); *State v. Way*, 117 Idaho 594, 790 P.2d 375 (Ct.App.1991). A sentence may represent an abuse of discretion if it shown to be unreasonable under the particular facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982); *State v. Morrison*, 119 Idaho 229, 804 P.2d 1360 (Ct.App.1991). The reasonableness of a sentence must be considered in light of

the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183, 1184 (Ct.App.1982). Therefore, Tousignant must show that his sentences are unreasonable and that the district court clearly abused its sentencing discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). Accordingly, he must demonstrate that under any reasonable view of the facts, his sentences were excessive in light of the *Toohill* sentencing criteria. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

As noted earlier, the state made no specific recommendations to the court at the sentencing hearing regarding the length of the sentences. The court heard testimony about how the defendant made a very abrupt turn across several lanes of traffic and crashed into the victims' car, killing the husband who was driving and one child, and injuring the wife and the two other daughters. The court also learned that Tousignant's blood alcohol level tested .15 percent alcohol after the accident. The district judge expressed concern over the serious, and in this case, tragic consequences of drinking and driving and determined to impose a sentence that would protect the community from another such incident and deter not only the defendant, but others from drunken driving.

According to the transcript, the district judge considered the testimony of witnesses as to Tousignant's good character and his potential to again be a contributing citizen. He also considered the presentence information which revealed that Tousignant had a history of alcohol-related violent crime, resulting in a 1985 probation directed at reforming his abusive behavior toward his family. The court acknowledged Tousignant's remorse for the tragedy he had caused and his willingness to make amends to the victims and to his family who also suffered as a result of his actions.

■ The primary consideration in sentencing is the good order and protection of society and that objective should not be subordinated to humanitarian considerations and rehabilitation. *State v. Young*, 119 Idaho 430, 432, 807 P.2d 648, 650 (Ct. App.1991). The district judge determined that Tousignant, with his alcohol abuse problem, was a continuing risk until he made the choice not to drive when he drank. The judge told him that he would be locked up for a long time where he would be kept off the streets and where he could reflect on his bad choices regarding alcohol use. Finally, the judge concluded that the nature of the offense demanded a long period of incarceration. We conclude in turn that the district court acted within the bounds of its discretion in imposing the maximum sentences prescribed by statute. *See* I.C. §§ 18-4007(3), -8006(1)(a).

■ Tousignant timely moved the court under I.C.R. 35 to reduce his sentences, but the court denied the motion. He appealed from the court's order. A motion to reduce a sentence is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Allbee*, 115 Idaho 845, 771 P.2d 66 (Ct.App.1989). This Court will not disturb the sentencing court's discretion regarding a request to reduce a sentence unless an abuse of discretion is shown. *Id.* On appeal, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *Id.*

In his appeal from the denial of his Rule 35 motion, Tousignant reiterated the arguments made in the direct appeal of his sentences. He argues that his progress report from the prison was favorable and that the time served had already effectively accomplished the goals of punishment, deterrence and the protection of society. He asserts, in addition, that to refuse to release an inmate who is an alcoholic closes the door to rehabilitation in favor of punishment. He interprets the refusal of Rule 35 relief as an abuse of discretion.

We have held that Tousignant's sentences were not excessive when pronounced. The new evidence presented in support of the Rule 35 motion consisted of a prison progress report stating that Tousignant was manipulative, although his insti-

tutional behavior was acceptable. The new evidence essentially only suggests alternative methods for Tousignant to be held accountable for his crimes; it does not lead to the conclusion that the district court abused its discretion in denying Rule 35 relief.

We affirm the sentences as imposed. We also affirm the order denying the motion to reduce the sentences under I.C.R. 35.

WALTERS, C.J., and SILAK, J., concur.