# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50767

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 31, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| NOEL LOPEZ-CELAYA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of seven years, for lewd conduct with a minor under sixteen, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Noel Lopez-Celaya pled guilty to lewd conduct with a minor under sixteen. I.C. § 18-1508. In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The State also agreed to and did recommend a unified fifteen-year sentence, with a minimum period of confinement of five years. Lopez-Celaya only requested three years of confinement or, alternatively, imposition of the sentence recommended by the State.

The district court sentenced Lopez-Celaya to a unified term of twenty years, with a minimum period of confinement of seven years. Lopez-Celaya appeals, arguing that his sentence

1

is excessive. More specifically, Lopez-Celaya argues the district court's "sentencing rationales are problematic for a couple of reasons." First, Lopez-Celaya contends the district court "focus[ed] primarily on his criminal history," which Lopez-Celaya cannot change, "and thereby" the district court "effectively ignore[d] all the other factors discussing his potential for rehabilitation." According to Lopez-Celaya, the psychosexual evaluation supports that he has "some interest in participating in, as well as the potential to be successful in, sex offender treatment." Lopez-Celaya also argues the district court "reject[ed]" the psychosexual evaluator's risk assessment as "unreliable because it only measured risk of recidivism against other sex offenders, not the public at large." Lopez-Celaya contends that the district court's purported "rejection" of the psychosexual evaluator's risk assessment was both "irrational" and reflects a "fail[ure] to appreciate the ultimate conclusion" that "there is not an overly-concerning risk that [he] would reoffend sexually." Lopez-Celaya concludes that a "proper consideration of all the relevant factors demonstrates, as even the prosecutor recognized, a sentence of only fifteen years, with five years fixed," or the three years fixed he recommended, "would best serve the goals of sentencing." The State responds that Lopez-Celaya's argument is both "patently false," is a "misrepresentation of the record," and fails to show an abuse of discretion. Lopez-Celaya's appellate arguments misrepresent the record and the district court's analysis.

We first note the well-established principle that sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). A sentencing court's decision to exceed the State's sentencing recommendation does not constitute an abuse of discretion. *See State v. Staten*, 114 Idaho 925, 927-28, 762 P.2d 838, 840-41 (Ct. App. 1988) (affirming district court's intermediate appellate decision affirming sentence exceeding State's recommendation and noting "the trial court possesses discretionary authority to determine an

appropriate sentence"). Applying these standards, and having reviewed the record in this case, which includes the district court's specific reference to the applicable sentencing factors, we cannot say that the district court abused its discretion.

As to Lopez-Celaya's arguments pertaining to the district court's consideration of the psychosexual evaluator's assessment, the record does not support his arguments. First, the district court never characterized the psychosexual evaluator's risk assessment as "unreliable." Rather, the district court stated: "while defense counsel noted that [Lopez-Celaya] is an average risk, it should not be discounted that that is an average risk among other sex offenders, not an average risk among the community as a whole." This reflects the preliminary statement in the psychosexual evaluation that reads: "Risk classification is the examinee's assessed risk to re-offend when compared to other sex offenders, not compared to the general population." (Emphasis omitted). That the district court recited the psychosexual evaluator's preliminary limiting statement does not reflect a conclusion by the district court that the assessment was "unreliable," nor does it reflect that the district court "rejected" the psychosexual evaluator's conclusions about Lopez-Celaya's risk to recidivate. Lopez-Celaya's assertions otherwise are without merit as is Lopez-Celaya's assertion that the psychosexual evaluator concluded that his risk of sexual recidivism is "relatively low overall." The psychosexual evaluator's actual "integrated forensic opinion" concludes:

> This evaluation resulted in Mr. Lopez-Celaya's risk level for re-offense falling within the **Average** risk range for sexual recidivism--neither High nor Low, when standardized risk assessment tools were used to assess his future risk. His problem-solving ability is weak, he is impulsive, and he admitted that when he is abusing substances he had difficulty resisting acting upon his inappropriate sexual impulses. Overall, his future risk for offending is rated as **Moderate.**

The psychosexual evaluator further concluded that Lopez-Celaya "remains a high risk of relapse into substance abuse when living in the community, and his risk of engaging in future sex offenses increases when he is abusing substances, especially methamphetamine."

The district court considered the psychosexual evaluator's assessment while balancing it against the harm to the victims and Lopez-Celaya's significant drug-related criminal history, which history is significant given that his drug use, by his own admission, is a factor in his sexual offenses. Balancing all relevant sentencing information, including a defendant's criminal history, is a proper exercise of discretion. *See State v. Bartlett*, 118 Idaho 722, 724-25, 800 P.2d 118,

3

120-21 (Ct. App. 1990) (rejecting argument that sentencing court overemphasized protection of society to exclusion of other sentencing recommendations and rejecting argument that sentencing court inadequately considered rehabilitation by failing to follow treatment recommendations from psychological evaluators). Lopez-Celaya has failed to show his sentence is excessive.

We hold that Lopez-Celaya has failed to show the district court abused its sentencing discretion. Lopez-Celaya's judgment of conviction and sentence are affirmed.