765 P.2d 161

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary MARQUESS, Defendant–Appellant.**

**No. 16998.**

Court of Appeals of Idaho.

Dec. 2, 1988.

Randall D. Schulthies, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Gary Marquess pled guilty to first degree burglary committed in February 1987. He was sentenced under the Unified Sentencing Act to an indeterminate six-year term in the custody of the Idaho Board of Correction. I.C. § 19–2513. He has appealed, contending that his sentence is excessive.

Recently we held in *State v. Knight,* 114 Idaho 923, 762 P.2d 836 (Ct.App.1988), that a sentencing judge must set forth in the judgment of conviction the minimum term of confinement which the defendant is required to serve in the custody of the Board of Correction before becoming eligible for parole. *See* I.C. § 19–2513 (as amended in Unified Sentencing Act). In *Knight* we remanded for resentencing because it was not clear from the judgment, or from the record, what minimum period of confinement the judge intended to be served by the defendant before becoming parole eligible. Accordingly, we could not address, in that appeal, Knight's contention that the sentence was excessive.

Here, although the form of the judgment and order committing Marquess to the cus-

tody of the Board of Correction does not specify a minimum period of confinement, it is clear from the transcript of the sentencing hearing that the judge intended to set Marquess' minimum period of confinement at zero. Thus, Marquess would become parole eligible at any time set by the Commission of Pardons and Parole under its policies and under the guidelines of I.C. § 20–223. Accordingly, we can review the intended sentence for excessiveness because there is no need to remand for resentencing, only for correction of the form of the judgment.

Marquess committed the burglary by forcing entry into a car dealership at night and taking a car. I.C. §§ 18–1401 and 1402. Another count of first degree burglary was dismissed when Marquess pled guilty to the present offense. At the time of sentencing, Marquess had been convicted of grand theft; the sentence in this case was directed to run concurrently with the sentence for grand theft. Marquess admitted to having a substance abuse problem which contributed to his criminal activities. He was eighteen years old at the time of sentencing. As a juvenile, he had committed offenses for which he served some detention time.

Marquess argues that the district court did not adequately consider his age and substance abuse problems when the court sentenced him to prison. The district court had a current presentence report supplemented by earlier social, scholastic and psychological evaluations. The report did not recommend probation as a sentencing alternative. The transcript of the hearing reveals that the court considered the possibility of probation but concluded that Marquess' past behavior indicated probation was inappropriate. In specific recognition of Marquess' age and possibility for rehabilitation, the court imposed the indeterminate six-year sentence without requiring that he serve a specific minimum time in confinement.

The sentence imposed here carries no greater implications than a sentence for an indeterminate period of incarceration not to exceed six years under former I.C.

§ 19–2513. Under such a sentence, we would have presumed, for review purposes only, that Marquess would become parole eligible upon serving one-third, or two years, of the sentence. Under current regulations and policies of the Commission of Pardons and Parole, adopted since the Unified Sentencing Act, Marquess may in fact be considered for parole at at an earlier date. However, we need not decide in this case whether a one-third "rule of thumb"— or any lesser presumed period of confinement—should be applied to appellate review of a sentence imposed under the Act. For even if we postulated that Marquess would serve at least two years of confinement, we would still hold the sentence to be reasonable upon the record presented.

Having reviewed the full record and having considered the sentence review criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district court did not abuse its discretion. The judgment of conviction imposing the sentence is affirmed. The case is remanded to the district court solely for correction of the form of the judgment to specify that no minimum period of confinement has been ordered by the court.

WALTERS, C.J., and BURNETT, J., concur.