832 P.2d 1162

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Paul HERNANDEZ, Defendant–Appellant.**

**Nos. 19593, 19612.**

Court of Appeals of Idaho.

June 29, 1992.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Isaac E. McDougall, Pocatello, for appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Paul Hernandez pled guilty to two counts of sexual abuse of a child under the age of sixteen. I.C. § 18–1506. The charges were the result of sexual encounters Hernandez instigated with his daughter during 1985 and with his step-daughter during 1991. Both girls were eight or nine years old at the time of their encounters. The pleas were entered as a result of a plea bargain in which the prosecutor agreed to drop five similar counts involving Hernandez' daughter, the older of the two girls. The court imposed two concurrent sentences with four-year minimum periods of incarceration, followed by indeterminate six-year periods. Soon thereafter, the court reduced the minimum terms to "zero" and increased the indeterminate terms to ten years, on the ground that Hernandez "should have been sentenced under the old statutes." In this consolidated appeal, Hernandez argues that his sentences are excessive and that the court erred when it did not order a second psychological evaluation or retain jurisdiction.

Before we address whether the sentences are excessive, an observation will be made regarding the legality of each of Hernandez' sentences. As it is currently written, I.C. § 18–1506 prescribes a punishment of up to fifteen years in prison for the crime of sexual abuse of a child. This punishment was not part of the statute until the statute was amended in 1988. *See* 1988 Idaho Session Laws, ch. 329, § 1, p. 991; *State v. Bartlett,* 118 Idaho 722, 723, n. 2, 800 P.2d 118, 119, n. 2 (Ct.App.1990). Until 1988, the statute was silent as to the range of punishment, except to provide that sexual abuse of a minor under sixteen was a felony. Where a different penalty is not prescribed, a felony is punishable by a prison term not to exceed five years. I.C. § 18–112.

When a criminal defendant is prosecuted under a statute that has been changed to increase the punishment, the statute to be applied is the one in effect at the time of the commission of the crime. Prosecution under the later version of the statute would run afoul of the prohibition against ex post facto laws. *See* W.R. La-FAVE and A.W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 2.4, p. 135–148 (1986). With this principle in mind, Hernandez' charge stemming from incidents occurring in 1985 required prosecution under the 1985 version of I.C. § 18–1506. Therefore, the applicable punishment for that charge is five years, according to I.C. § 18–112. As to the charge founded on events occurring in 1991, the amended version of I.C. § 18–1506 would apply, and the punishment could extend to fifteen years. Based on the foregoing, it is clear that Hernandez' sentence of zero to ten years for the 1985 incident is beyond that authorized by statute. The sentence based on the 1991 incident, however, is within statutory bounds. Unfortunately, neither party has raised the issue of the illegality of the sentence to the trial court or to this Court on appeal. Under the principle of *stare decisis,* we are constrained by the decisions of our Supreme Court in *State v. Martin,* 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991) and *State v. Lavy,* 121 Idaho 842, 828 P.2d 871 (1992), from ordering the district court to correct the illegality of Hernandez' sentences. At best, we simply note that I.C.R. 35 allows the trial court to correct an illegal sentence at any time, on the motion of either party, and either party may appeal from the trial court's ruling.

For the purpose of reviewing Hernandez' sentences to determine if they represent an abuse of discretion, we are left with one zero-to-ten year sentence and one sentence which must be limited to a maximum of five years. Because the latter period is within the duration of the sentence specified by the court, we will consid-

er it the effective term for purposes of review. However, this conclusion does not end the technical part of our analysis.

■ At the time the court sentenced Hernandez for both charges, the Unified Sentencing Act was in effect. We note that the Act applies "only to those persons who shall commit an offense on or after February 1, 1987." I.C. § 19–2513, Compiler's notes. Under the Act, the court must specify a minimum period of confinement. I.C. § 19–2513; *State v. Knight*, 114 Idaho 923, 762 P.2d 836 (Ct.App.1988). Regarding the 1991 sexual abuse charge, the court specified a minimum period of zero, meaning that Hernandez could be eligible for parole the day he enters prison. Prescribing "zero" as the minimum term has been held to be within the court's authority under the Act. *State v. Marquess*, 115 Idaho 136, 137, 765 P.2d 161, 162 (Ct.App.1988). Thus, although the court incorrectly concluded that the defendant "should have been sentenced under the old statutes," the sentence imposed for the 1991 offense actually comports with the Unified Sentencing Act, which is applicable to that crime.

For the charge stemming from the 1985 incident, however, the five-year maximum applies, as does the then-existing sentencing method. Under that method, when an indeterminate period of confinement was prescribed, the minimum period of confinement to be served was within the discretion of the Commission of Pardons and Parole. According to the Commission's rules at the time, a qualifying defendant would not be eligible for parole until one-third of his sentence had expired. *Knight*, 114 Idaho at 924, 762 P.2d at 837. Here, that rule translates into Hernandez being eligible for parole in a little over one and two-third years, or twenty months. We will treat this period as the probable term of confinement and the period for review. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982).

■ Sentencing is a matter left to the discretion of the trial court. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). In this case, a period of twenty months is within the range prescribed by statute and therefore, it ordinarily would not be considered an abuse of discretion. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). However, a sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *Id.* A sentence is reasonable if it appears to accomplish the objective of protecting the good order of society and is imposed to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. A sentence of confinement that is longer than necessary to serve these goals is unreasonable. *Id.* When reviewing a sentence, we examine the facts in the record independently and focus on the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982); *State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982).

■ A related issue raised by Hernandez is that the court erred by not retaining jurisdiction. Retaining jurisdiction allows the court to extend the time in which it can evaluate a defendant's suitability for probation. *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Whether to retain jurisdiction is a question left to the court's discretion, as is the decision to grant probation. I.C. § 19–2601(4); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. When a court has sufficient information at the time of sentencing to deny probation, its refusal to retain jurisdiction for further evaluation is not an abuse of discretion. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct.App.1988).

■ When imposing sentence, the court found that, considering Hernandez' history and the length of time he had engaged in "very serious, very outrageous sexual conduct with young children," its first priority was the protection of society and that probation was not a realistic consideration. The presentence report indicates that Hernandez had sexually abused his daughter on numerous occasions over several years. The abuse included intercourse, oral sex, and masturbation with her when she was eight and nine years-old. He also con-

vinced her that the abuse was her fault and he would hurt her if she told anyone about their encounters. Hernandez, however, stated that he could not remember abusing his daughter, even though he reportedly wrote letters of apology to her. A few months after charges were brought against him regarding his daughter's allegations, Hernandez sexually abused his eight-year-old step-daughter in a motel room. Although he was charged with only one incident of abuse of his step-daughter, she disclosed that she was sexually abused for a long period of time and that the abuse mostly took the form of oral sex and masturbation. Both girls reportedly suffer lasting psychological trauma from the abuse, the eldest having attempted suicide because of it.

Hernandez' psychological evaluation reveals that although he feels remorseful for abusing his step-daughter, he denies abusing his biological daughter. The evaluation and other comments of the psychologist indicate that Hernandez felt little empathy for his victims but exaggerated his own problems in an attempt to shift the blame and garner sympathy for himself. His concern was reportedly not for the harm he had caused, but the fact that his actions may make him lose his wife and step-daughter.

Within the presentence report was Hernandez' criminal record. Listing mostly minor traffic violations, there also exists a charge from Afton, Wyoming, of felony child abuse of his daughter in 1989, which had serious sexual overtones but which was reduced to misdemeanor assault.

Based on the foregoing, the court determined that incarceration for a period of years was an appropriate punishment. We do not find this conclusion to be an abuse of discretion. *See State v. Jones*, 118 Idaho 720, 800 P.2d 116 (Ct.App.1990); *State v. Bartlett*, 118 Idaho 722, 800 P.2d 118 (Ct.App.1990).

Next, Hernandez argues that the court erred when it did not order a second psychological evaluation. The state responds that at the sentencing hearing, defense counsel did not expressly request a second evaluation, but only commented on the existing one. The exchange went as follows:

Defense: First of all, Your Honor, I've read and reread the computerized read-out by Dr. Vern A. Cox that obviously was done as a result of some testing that was shipped out somewhere else from a computer—but I find that not very responsive to our problem. It seems to me that Mr. Hernandez knows that he has a problem and he's made no bones about it.... He does ask, however, that he does get some time [sic] of long term counseling, he wants a little more than this.

Judge: Well, the facts borne out by both the presentence report and the psychological evaluation do very conclusively demonstrate a very long term sexual abuse history.

. . . .

Defense: The only thing—what we'd like to ask is that whatever is done with him, that he be sent someplace where he can get some evaluation by a different person in line with what the presentence investigator suggested. But I think she found that reading Dr. Cox' report was as tough on her as it was on me, and I didn't get very much out of it for that reason. I'd like to see him sent someplace to be evaluated and then where he could get long term treatment.

In the excerpt, counsel is referring to a suggestion by the presentence investigator that Hernandez be incarcerated and "receive another psychological evaluation by a mental health professional versed in treating sexual offenders...."

The state argues that these comments do not constitute a request for a second evaluation and because the lack of a second evaluation does not rise to the level of fundamental error, this Court should decline to address the matter when, as here, it is raised for the first time on appeal. *Toohill*, 103 Idaho at 566, 650 P.2d at 708. Although counsel's statement could have been clearer, reading it in a light most favorable to the defense, we interpret the

statement as a request for a second evaluation. The trial court, however, did not address the issue.

 Whether to order a psychological evaluation and its sufficiency is a matter left to the court's discretion. *State v. Pearson*, 108 Idaho 889, 891, 702 P.2d 927, 929 (Ct.App.1985). Hernandez does not challenge the sufficiency of the first evaluation under I.C. § 19–2522 beyond characterizing it as unclear and of little help to the defense. Obviously, the court concluded that the evaluation was sufficiently helpful to provide more information about Hernandez than the court would have had otherwise. When coupled with the presentence report, the court was able to draw a satisfactory picture of the defendant, his history, and his predisposition to sexual abuse. Therefore, we do not find that the court abused its discretion when not ordering a second evaluation.

Based on the foregoing, we affirm the judgment of the trial court, and the sentences as discussed, noting the illegality of the one relating to the incidents occurring in 1985.

SILAK, J., concurs.

SWANSTROM, Judge, concurring in part and dissenting in part:

The district court imposed concurrent ten-year sentences for sexual abuse of a child in 1985 and for a second incident in 1991. For the following reasons, I would vacate the first sentence and remand for resentencing, but I would affirm the second sentence.

First, as to the sentence for the 1985 incident, the majority correctly points out that the district court misperceived the law which applied to this offense, resulting in a sentence that exceeded the statutory maximum under I.C. § 18–112 and former § 18–1506. Nevertheless, following *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991) and *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992), the majority declines to vacate this sentence because Hernandez did not raise the illegality of the sentence in the district court, and, indeed, has not directly raised it on this appeal. Here, Hernandez has contended that the court abused its discretion by imposing excessive sentences. Hundreds of times we have reviewed this issue when it has been raised for the first time on appeal. The decisions of our Supreme Court in *Martin* and in *Lavy* notwithstanding, when the "excessive sentence" issue is properly before an appellate court, that court ought to be able to set aside a sentence which clearly exceeds the statutory maximum. Such a sentence is "excessive."

Moreover, our Supreme Court—and this Court—have repeatedly held that

"[w]hen an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court rightly perceived issue as one of discretion; (2) whether the court *acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices;* and (3) whether the court reached its decision by an exercise of reason." *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987).

*State v. Hedger*, 115 Idaho at 600, 768 P.2d at 1333 (emphasis added). Where, as here, it is obvious that the sentencing judge did not act "within the outer boundaries of [his] discretion," we should vacate the sentence and remand for resentencing.

When a judge exercises his discretion by reference to an erroneous legal standard, or when he fails to apply the legal standards that govern his discretionary choices, the proper appellate response is to remand the case for reconsideration. The judge then can make a reasoned decision in light of the proper standards.

*Associates Northwest, Inc. v. Beets*, 112 Idaho at 605, 733 P.2d at 826 (citations omitted). For these reasons, I believe we are not constrained to apply the *Martin* and *Lavy* rulings to the present case.

The same reasons would support vacating the "zero to ten year sentence" for the 1991 offense. As the majority opinion has noted, after imposing a unified sentence of

ten years, with four years' minimum incarceration for this offense, the district judge decided that Hernandez "should have been sentenced under the old [indeterminate] statutes." Again, he misperceived the applicable legal standards which set the boundaries of his discretion. Accordingly, although he initially wanted to require a minimum of four years' incarceration, he amended his original sentence—three weeks later—because he apparently believed that he could not impose a unified sentence with a fixed minimum period of confinement.

Without discussing the overall length of this sentence, the majority implicitly concludes that it is not excessive. I agree. However, if the district judge thought that his "Order of Amendment" was simply converting the original sentence to an indeterminate sentence "under the old statutes," then he may have assumed that Hernandez would serve one-third of that sentence, three and one-third years, before he would be eligible for parole. *See, e.g., State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). The majority opinion does not make this assumption; rather, it treats the amended sentence as a unified sentence under the present statute, I.C. § 19–2513, with no minimum period of confinement required. In this manner, the ten-year sentence for the 1991 offense is upheld even though the district judge erroneously believed that his only choices were to impose a wholly indeterminate sentence under former I.C. § 19–2513 or, alternatively, a fixed sentence under former I.C. § 19–2520A. In fact, as the majority notes, for the 1991 crime he was authorized to impose the unified sentence which he originally pronounced.

Hernandez has contended that the "zero to ten year sentence" is excessive. Obviously, he is not asking this Court to reinstate the original sentence requiring four years' incarceration. The state has not argued here that the district court erred in amending the original sentence to eliminate the four-year minimum period of confinement. The "amended" sentence is not illegal. I would take the position that the state has waived its right to hereafter challenge the manner in which this sentence was imposed. Accordingly, I perceive no reason for vacating this sentence.

The sentence for the 1991 crime of sexual abuse is reasonable. We can take judicial notice of THE POLICIES AND PROCEDURES OF THE IDAHO COMMISSION OF PARDONS AND PAROLE (Revised April 1990) (hereinafter 1990 *Parole Policies*), which were in effect at the time of the sentencing in this case. I.R.E. 201, 803(8), 902(5); *Trautman v. Hill,* 116 Idaho 337, 775 P.2d 651 (Ct.App.1989). The stated policy in respect to "Non-restricted Sentences" of ten years or more requires an inmate to serve a minimum of twenty-four months before the inmate will be given an initial parole hearing. 1990 *Parole Policies* at 10. Presuming that this policy is applicable to Hernandez's sentence and that he will serve at least two years in confinement, I view the over-all sentence as reasonable. Accordingly, I see no reason to vacate this sentence, and I agree that it should be affirmed.