**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37390**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 606 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 24, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THOMAS JASON REUSSER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order relinquishing jurisdiction, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge, GUTIERREZ, Judge
and GRATTON, Judge

---

PER CURIAM

Thomas Jason Reusser was convicted of felony driving under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(7). The district court imposed a unified sentence of ten years with two years determinate and retained jurisdiction. At the conclusion of the retained jurisdiction program, the court relinquished jurisdiction and ordered execution of Reusser's sentence. On appeal, however, the order relinquishing jurisdiction was vacated, and Reusser's case was remanded for another rider review hearing before a different district judge. At the conclusion of that second hearing, the district court again relinquished jurisdiction and ordered execution of Reusser's original sentence. Reusser again appeals, contending that the court abused its discretion in failing to sua sponte reduce his sentence upon relinquishing jurisdiction.

1

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion, and we therefore affirm the order relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Reusser's original sentence, without modification. Therefore, the order relinquishing jurisdiction and directing execution of Reusser's previously suspended sentence is affirmed.