**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38876**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 372 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 27, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SHANDI NICOLE ROBINSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. David C. Nye, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Shandi Nicole Robinson was convicted of aggravated driving under the influence of alcohol and/or drugs, Idaho Code §§ 18-8004, 18-8006. The district court imposed a unified seven-year sentence with a two-year determinate term, suspended the sentence, and placed Robinson on probation. Following a series of probation violations, the court continued her probation but with the added condition that she complete the Bonneville County Family Drug Court program. After several reports of probation violations, and following discharge from drug court, Robinson admitted to violating her probation and the district court revoked probation but retained jurisdiction. At the conclusion of the retained jurisdiction program, the court relinquished jurisdiction and ordered execution of Robinson's sentence. Robinson appeals the

1

court's decision to relinquish jurisdiction and contends that the court abused its discretion in failing to sua sponte reduce her sentence upon relinquishing jurisdiction.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion, and we therefore affirm the order relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Robinson's original sentence, without modification. Therefore, the order relinquishing jurisdiction and directing execution of Robinson's previously suspended sentence is affirmed.