**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39421**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 701 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 1, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CASEY RICHARD LEE ROBERTS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Timothy Hansen, District Judge.

Judgment of conviction and concurrent unified sentences of ten years with two years determinate for one count of burglary and one count of grand theft, affirmed; order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Casey Richard Lee Roberts was convicted of one count of burglary, Idaho Code §§ 18-1401, 18-204; and one count of grand theft, I.C. §§ 18-2403(1)(b), 18-2407(1), 18-204.  The district court imposed concurrent unified sentences of ten years with two years determinate, suspended the sentences, and placed Roberts on probation with the requirement that he participate in drug court.  Roberts was discharged from drug court and the district court revoked his probation, but retained jurisdiction.  At the conclusion of the retained jurisdiction program, the court relinquished jurisdiction and ordered execution of Roberts' sentences.  Roberts appeals

1

the court's decision to relinquish jurisdiction and contends that the court abused its discretion in failing to sua sponte reduce his sentences upon relinquishing jurisdiction.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion, and we therefore affirm the order relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Roberts' original sentences, without modification. Therefore, the order relinquishing jurisdiction and directing execution of Roberts' previously suspended sentences is affirmed.