**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41187**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 419** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: March 20, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT JOSEPH LAMBERT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Orders relinquishing jurisdiction and denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

---

PER CURIAM

Robert Joseph Lambert was convicted of attempted robbery, Idaho Code §§ 18-305, 18-6501, and burglary, I.C. § 18-1401. The district court imposed concurrent unified sentences of ten years with four years determinate for attempted robbery, ten years with three years determinate for burglary, and retained jurisdiction. Prior to Lambert's completion of the retained jurisdiction program, the court relinquished jurisdiction and ordered execution of Lambert's sentence. Lambert filed an Idaho Criminal Rule 35 motion, which the district court denied. Lambert appeals the court's decision to relinquish jurisdiction and the denial of his Rule 35 motion.

1

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion, and we therefore affirm the order relinquishing jurisdiction.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new information in support of Lambert's Rule 35 motion was presented, review of the sentence by this Court is precluded.

For the foregoing reasons, the district court's decision to relinquish jurisdiction and the order denying Lambert's Rule 35 motion are affirmed.