**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41488**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | **2014 Unpublished Opinion No. 548** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 4, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| RAYLAND BROWN, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order relinquishing jurisdiction and order granting I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Rayland Brown was convicted of felony domestic battery in the presence of a child, Idaho Code §§ 18-903, 18-918(2), 18-918(4). The district court sentenced Brown to a unified term of twenty years with a minimum period of confinement of fifteen years and retained jurisdiction. At the conclusion of the retained jurisdiction program, the court relinquished jurisdiction and ordered execution of Brown's sentence. Brown filed an Idaho Criminal Rule 35 motion, which the district court granted, reducing the determinate portion of the sentence to eleven years. Brown appeals the district court's decision to relinquish jurisdiction and contends

1

that the court abused its discretion in failing to further reduce his sentence pursuant to his Rule 35 motion.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion, and we therefore affirm the order relinquishing jurisdiction.

A lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984); *Toohill*, 103 Idaho 565, 650 P.2d 707. Since the district court later modified Brown's sentence, pursuant to his Rule 35 motion, we will only review Brown's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Brown has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on his Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Brown has failed to show such an abuse of discretion. Accordingly, the order of the district court granting Brown's Rule 35 motion is affirmed.