# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 41185/41186

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 549 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 4, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ADRIAN MITCHEL WILL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Orders relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In these cases consolidated for appeal, Adrian Mitchel Will was convicted of possession of marijuana with intent to deliver, Idaho Code § 37-2732(a)(1), and burglary, I.C. §§ 18-1401, 18-1403. The district court imposed a unified sentence of five years with three years determinate for the possession charge and a concurrent unified sentence of seven years with three years determinate for burglary, and retained jurisdiction. At the conclusion of the retained jurisdiction program, the district court placed Will on probation. Following a report of probation violations, the district court revoked Will's probation in both cases, ordered execution of the underlying sentences, and retained jurisdiction a second time. Upon Will's completion of the second period of retained jurisdiction, the district court relinquished jurisdiction in both cases and ordered

1

execution of reduced unified sentences of five years with two and one-half years determinate for possession and seven years with two and one-half years determinate for burglary. Will appeals the court's decision to relinquish jurisdiction and contends that the court abused its discretion in failing to further sua sponte reduce his sentence upon relinquishing jurisdiction.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We therefore hold that the district court did not abuse its discretion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying the foregoing standards and having reviewed the record in this case, and assuming that Will can properly raise on appeal a challenge to the district court's failure to further reduce his sentence sua sponte, we cannot say that the district court abused its discretion in ordering execution of Will's modified sentences. Therefore, the orders relinquishing jurisdiction and directing execution of Will's previously suspended sentences are affirmed.