**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41509**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 631 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ASHLEE MICHELL TALICH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Michael R. Crabtree, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Ashlee Michell Talich was convicted of battery on a peace officer, Idaho Code §§ 18-915(3)(b), 18-903(a).  The district court imposed a unified sentence of three years with one year determinate and retained jurisdiction.  At the conclusion of the retained jurisdiction program, the district court placed Talich on supervised probation.  Following a report of probation violations, the district court revoked Talich's probation, ordered execution of the underlying sentence, and retained jurisdiction a second time.  Upon Talich's completion of the second period of retained jurisdiction, the district court relinquished jurisdiction and ordered execution of the original sentence.  Talich appeals the court's decision to relinquish jurisdiction and contends that the

1

court abused its discretion in failing to sua sponte reduce her sentence upon relinquishing jurisdiction.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We therefore hold that the district court did not abuse its discretion in relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying the foregoing standards and having reviewed the record in this case, and assuming that Talich can properly raise on appeal a challenge to the district court's failure to reduce her sentence sua sponte, we cannot say that the district court abused its discretion in ordering execution of Talich's sentence. Therefore, the order relinquishing jurisdiction and directing execution of Talich's previously suspended sentence is affirmed.