# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41891

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 302 |
| | ) |
| Plaintiff-Respondent, | ) Filed: January 6, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| DOMINGO MIGUEL ZAPATA, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction and unified seven-year sentence with one and one-half year determinate term, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

Domingo Miguel Zapata was convicted of sexual abuse of a child under sixteen, Idaho Code § 18-1506. The district court imposed a unified seven-year sentence with a three-year determinate term and retained jurisdiction. Following a recommendation from the North Idaho Correctional Institute, the district court relinquished jurisdiction and ordered execution of Zapata's sentence, reducing the determinate term to one and one-half years and giving Zapata credit for 257 days already served. Zapata appeals, contending that his sentence is excessive and

1

that the district court abused its discretion in relinquishing jurisdiction and failing to place him on probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion.

Therefore, Zapata's judgment of conviction and sentence and the order relinquishing jurisdiction are affirmed.