# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42200

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 320 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 27, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SANTIAGO PRIETO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Santiago Prieto pled guilty to first degree arson. I.C. § 18-802. In exchange for his guilty plea, the state dismissed an allegation that Prieto was a persistent violator. The district court sentenced Prieto to unified term of fifteen years, with a minimum period of confinement of five years. Prieto filed an I.C.R 35 motion, which the district court denied. Prieto appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103

1

Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

On appeal, Prieto argues that the district court abused its discretion in not granting his request for retained jurisdiction. A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). When a court has sufficient information at the time of sentencing to conclude that a defendant is not a suitable candidate for probation, its refusal to retain jurisdiction for further evaluation of a defendant is not an abuse of discretion. *Hernandez*, 122 Idaho at 230, 832 P.2d at 1165. Prieto has failed to show an abuse of discretion.

Therefore, Prieto's judgment of conviction and sentence is affirmed.