**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39261/39262**

| | |
|---|---|
| STATE OF IDAHO, | ) 2012 Unpublished Opinion No. 634 |
| | ) |
| Plaintiff-Respondent, | ) Filed: September 13, 2012 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| AMANDA MICHELLE GOUGE, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Robert J. Elgee, District Judge.

Judgment of conviction and concurrent unified sentences of five years with two years determinate for grand theft and seven years with two years determinate for possession of methamphetamine, affirmed; judgment of conviction and consecutive unified sentence of five years with two years determinate for felony eluding, affirmed. Orders relinquishing jurisdiction and orders denying I.C.R. 35 motions for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

---

PER CURIAM

This is a consolidated appeal. In Docket No. 39261, Amanda Michelle Gouge was convicted of grand theft, Idaho Code § 18-2403(1), and possession of methamphetamine, I.C. § 37-2732(c)(1). Gouge was placed in the drug court program but was later terminated from the program following repeated violations including absconding. In Docket No. 39262, Gouge pleaded guilty to felony eluding and to the drug court violations. At a consolidated sentencing hearing, the district court imposed concurrent unified sentences of five years with two years

1

determinate for grand theft, seven years with two years determinate for possession of methamphetamine, and in Docket No. 39262, five years with two years determinate for felony eluding, to run consecutively to the sentences in Docket No. 39261. The district court retained jurisdiction in both cases. At the conclusion of the retained jurisdiction program, the court relinquished jurisdiction and ordered execution of Gouge's sentences. Gouge filed Idaho Criminal Rule 35 motions, which the district court denied. Gouge appeals the court's decision to relinquish jurisdiction and the denial of her Rule 35 motions.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Therefore, the district court did not abuse its discretion.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. Upon reviewing the record that was before the district court at the time of the denial of Gouge's Rule 35 motions, we find no abuse of discretion.

The district court's orders relinquishing jurisdiction and the orders denying Gouge's Rule 35 motions are affirmed.

2