IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 40900**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 421 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEFFERY FLOYD KINSEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Orders relinquishing jurisdiction and denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jeffery Floyd Kinsey was convicted of two counts of felony possession of sexually exploitative material, Idaho Code §§ 18-1507, 18-1507A. The district court imposed a unified sentence of five years with one year determinate for the first count, and a consecutive indeterminate sentence of five years for the second count, suspended the sentence and placed Kinsey on probation. Subsequently, Kinsey admitted to violating several terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentences, and retained jurisdiction. Prior to Kinsey's completion of the retained jurisdiction program, the court relinquished jurisdiction and ordered execution of Kinsey's sentences.

1

Kinsey filed an Idaho Criminal Rule 35 motion, which the district court denied. Kinsey appeals contending that the district court abused its discretion in relinquishing jurisdiction, in failing to sua sponte reduce his sentences upon relinquishing jurisdiction, and in denying his Rule 35 motion.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We therefore hold that the district court did not abuse its discretion by relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d

2

23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Kinsey's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Kinsey's Rule 35 motion is affirmed.

Upon reviewing the record that was before the district court at the time of the denial of Kinsey's Rule 35 motion, we find no abuse of discretion. Therefore, the district court's decision to relinquish jurisdiction and the order denying Kinsey's Rule 35 motion are affirmed.