IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41202

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 611 |
|---|---|---|
| Plaintiff-Respondent, | ) | Filed: July 7, 2014 |
| v. | ) | Stephen W. Kenyon, Clerk |
| NATHEN LEE SMITH, | ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Nathen Lee Smith was convicted of attempted strangulation, Idaho Code § 18-923. The district court imposed a unified sentence of six years with a two-year determinate term and retained jurisdiction. Upon Smith's completion of retained jurisdiction, the district court suspended the sentence and placed Smith on supervised probation. Subsequently, Smith admitted to violating several terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentence, and retained jurisdiction a second time. At the conclusion of the second period of retained jurisdiction, the court suspended the sentence and returned Smith to probation. A report of probation violation was filed, but the district court continued Smith on probation. Following another report of probation violation, the district court

1

revoked probation, ordered execution of Smith's sentence, and retained jurisdiction a third time. Upon review of this third period of retained jurisdiction, the district court relinquished jurisdiction and ordered execution of the original sentence. At the review hearing, Smith orally requested a reduction of his sentence, which the district court denied. Smith appeals the court's decision to relinquish jurisdiction and the denial of his oral request for reduction of his sentence.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion, and we therefore affirm the order relinquishing jurisdiction.

Next, we review whether the district court erred in denying Smith's oral request for reduction of his sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Upon review of the record, including any new information submitted with Smith's request for reduction of his sentence, we conclude no abuse of discretion has been shown. Therefore, the district court's decision to relinquish jurisdiction and the denial of Smith's request for reduction of his sentence are affirmed.